## ROGERS v. LOVETT.

The demurrer in this case, being entirely devoid of merit, was properly overruled.

Argued May 16,— Decided May 27, 1898.

Complaint on notes.　Before Judge Reid.　City court of Atlanta.　September term, 1897.

*John L. Travis*, for plaintiff in error.
*Robert O. Lovett*, contra.

Cobb, J.　The plaintiff's petition in this case was as follows: "The petition of R. O. Lovett showeth that Eva T. Rogers of said county made to him, May 17, 1896, two promissory notes, each for the sum of one hundred and ten dollars, and due respectively on August 15, 1896, and November 15, 1896, each bearing interest after date at 8 per cent. per annum, being for value received.

"2. There has been paid on said debt, on August 1, 1897, the sum of $50.65, leaving a balance due at that date of one hundred and seventy-four 10/100 which said defendant refused to pay.

"3. That defendant refuses to pay the same.　Wherefore petitioner prays process, etc.　　　　　R. O. Lovett."

Attached to the petition were two notes which correspond to the description in the petition.　To this petition the defendant demurred on the following grounds: (1) The petition sets forth no cause of action.　(2) Said petition does not allege any indebtedness from defendant to plaintiff, nor does it allege that defendant is indebted to any one in any sum whatever.　(3) Said petition does not allege that any amount was due by defendant to plaintiff in any manner at the time of the bringing of said suit.　(4) No copy of the notes attempted to be sued on is identified as being attached to the petition.　(5) Defendant demurs specially to paragraph 2 of said petition, on the ground that no sum is set out as due by defendant to plaintiff in said paragraph.

The following amendment to the petition was offered and allowed: "Said notes now belong to petitioner, and the bal-

ance due thereon as to plaintiff's petition set out is due and
owing to petitioner." After allowing the amendment the court
overruled the demurrer. To this ruling the defendant excepted.

The above recitals are all that is necessary to show that the
writ of error sued out in this case is entirely without merit.
Application was made by the defendant in error for damages,
on the ground that the case was brought to this court for delay
only; and the only reason why we do not award damages is,
that no judgment in favor of the plaintiff appears in the rec-
ord, and there is nothing upon which we can assess the ten
per cent. damages which the law authorizes in cases of this
character. Civil Code, § 5594.

<em>Judgment affirmed. All the Justices concurring.</em>